**Diana ALBA, et al.**

v.

**Aubrey F. SAUCER, et al.**

**No. 82–369–Appeal.**

Supreme Court of Rhode Island.

March 18, 1983.

Arnold E. Johnson, North Providence, Robert D. Parrillo, Providence, Leonard A. Kiernan, Jr., Providence, for plaintiff.

Stephen B. Lang, Providence, for defendant.

ORDER

This case came before a hearing panel of this court on March 15, 1983 pursuant to an order directing the defendant, Aubrey V. Saucer, to show cause why his appeal from an order of the Superior Court granting the plaintiffs' motion for a new trial should not be summarily dismissed. After hearing the arguments of counsel and examining the defendant's brief, we are of the opinion that cause has not been shown. Therefore, the appeal of the defendant, Aubrey F. Saucer, is denied and dismissed. The case is remanded to the Superior Court for further proceedings.

MURRAY, J., and SHEA, J., did not participate.

■

**Rhonda BARLES**

v.

**Neal A. CHARETTE.**

**No. 82–391–Appeal.**

Supreme Court of Rhode Island.

March 18, 1983.

John B. Harwood, Pawtucket, for plaintiff.

Stephen B. Lang, Providence, for defendant.

ORDER

This case came before a hearing panel of this court on March 15, 1983 pursuant to an order directing the defendant to show cause why the plaintiff's appeal should not be summarily granted on the grounds that the trial justice erred in allowing the defendant to testify contra to his prior admissions filed in accordance with Super.R.Civ.P. 36. After hearing the arguments of counsel and examining briefs filed by the parties, we are of the opinion that the defendant does not meet the requirements for withdrawal of an admission set forth in *General Electric Co. v. Forsell,* 121 R.I. 19, 394 A.2d 1101 (1979). In this case the admitting litigant did not act diligently to withdraw his admission and the withdrawal resulted in extreme prejudice to the party who requested such admission. Consequently, the judgment of the Superior Court rendered in favor of the defendant is hereby vacated, and the case is remanded to the Superior Court with directions to hold a new trial, at which no evidence contra to the defendant's admissions made pursuant to Rule 36 may be admitted.

MURRAY, J., and SHEA, J., did not participate.